UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK S. MCFADDEN

        Plaintiff,

    vs.                                              CASE NO.:  8:13-CV-2501-T-35EAJ

FLORIDA FORECLOSURE
ATTORNEYS, PLLC, TRICA
HEFFINGER, Individually and BRAD
ABRAMSON, Individually,

        Defendant.

_____/

**DEFENDANTS' MOTION TO DISMISS COMPLAINT
AND COMBINED MEMORANDUM OF LAW**

Defendants, Florida Foreclosure Attorneys, PLLC ("FFA"), Tricia Heffinger ("Heffinger"), and Brad Abramson ("Abramson") (collectively, "the Defendants") move to dismiss the Complaint (Doc. 1) filed by Plaintiff, Mark S. McFadden ("the Plaintiff"), and in support thereof, submit the following arguments and authorities.

**BACKGROUND AND ALLEGATIONS**

Plaintiff's Complaint alleges that Defendants sent him several mailings "concerning a foreclosure". *See* Doc. 1, ¶ 12. The envelopes that enclosed these mailings bore the name of one of the Defendants, "Florida Foreclosure Attorneys, PLLC". *Id.*

Based upon these allegations, Plaintiff seeks to recover actual damages, statutory damages, punitive damages, legal fees and costs pursuant to the Fair Debt Collection Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). However, the Complaint fails to allege any actionable conduct on the part of any

Defendant that would entitle Plaintiff to relief, and therefore, the Complaint should be dismissed.

## ARGUMENT

### I. STANDARD FOR MOTION TO DISMISS

The rules of civil procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Court's review is generally limited to the four corners of the complaint, but "in ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). While *pro se* complaints are liberally construed, the litigant is still required to conform to procedural rules. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The United States Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (internal citation omitted), a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, *citing Papason v. Allain*, 478 U.S. 265, 286 (1986).

2

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, *citing* 5 C. Wright and A. Miller, Federal Practice & Procedures, § 1216, pp. 235-236 (3rd Ed. 2004). Vague and conclusory allegations and "threadbare recitals" of the elements of a cause of action are insufficient to satisfy Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While only a short and plain statement is required, it must have more than bare assertions that "the-defendant-unlawfully-harmed-me." *Id.* (citing *Twombly*, 550 U.S. at 555).

II. **PLAINTIFF'S FDCPA AND FCCPA CLAIMS CANNOT, AS A MATTER OF LAW, BE PREMISED ON ACTIONS TAKEN "CONCERNING A FORECLOSURE"**

Plaintiff's sole pled basis for suing Defendants in this lawsuit is the simple fact that Defendants allegedly sent him mailings concerning a foreclosure. Plaintiff cannot state a claim against Defendants based upon such allegations because a mortgage foreclosure action does not qualify as "debt collection" within the scope of the FDCPA. *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458, 460 (11th Cir. 2009) (enforcement of a security interest through the foreclosure process is not debt collection for purposes of the FDCPA). The Eleventh Circuit also noted several courts that have followed this reasoning holding that "'an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . fall outside the ambit of the FDCPA except for the provisions of Section 1692f(6).'" *Id.*, *citing Chomilo v. Shapiro, et al.*, No. 06-3103(RHK/AJB), 2007 WL 2695795, at *3-4 (D. Minn. Sept. 12, 2007); *Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003); *Overton v. Foutty & Foutty, LLP*, No. 1:07-CV-0274-DFHTAB, 2000 WL 2413026, at

3

*3-6 (S.D. Ind. Aug. 21, 2007); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356 (M.D. Fla. 2007); *Beadly v. Haughey*, No. CIV. 04-272-SM, 2005 WL 300060, at *3 (D. N.H. Feb. 9, 2005). Since foreclosing on a home is not debt collection for purposes of the FDCPA, dismissal of plaintiff's claim was appropriate. *Id.* at *3.

> As noted in *Trent*:
>
>> The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing . . . is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356, 1360 (M.D. Fla. 2007); *quoting Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp. 2d 1188, 1204 (D. Ore. 2002); *see also Acosta v. Campbell*, 2006 WL 3804729, *4 (M.D. Fla. December 22, 2006) ([n]early every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA); *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307 (6th Cir. 2004) (a mortgage is not a "consumer debt" for FDCPA purposes).

Plaintiff's Complaint pleads Defendants' involvement as being simply the mailing of documents in a foreclosure action. As such, to the extent Plaintiff's FDCPA claims somehow spring from mailings regarding a foreclosure action, those claims are not actionable under the FDCPA and therefore must be dismissed.

In addition to the count for alleged violations of the FDCPA, Plaintiff also seeks relief under the FCCPA, alleging that Defendants violated two subsections of the

FCCPA. Plaintiff is unable to state a cause of action under the FCCPA, just as he was unable to do so under the FDCPA, because such a claim cannot be premised on an *in rem* foreclosure as a matter of law. Plaintiff cannot state a claim under the FCCPA against Defendants simply arising out of actions taken related to a foreclosure because a mortgage foreclosure action does not qualify as "debt collection" within the scope of the FCCPA because in addition to holding that a mortgage foreclosure is not "debt collection" under the FDCPA, the *Trent* court held that a foreclosure is also not "debt collection" under the FCCPA.

The *Trent* court also concluded that the rationale espoused under the FDCPA precedent <u>should apply with equal force to FCCPA cases</u>. *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d at 1361. Recognizing that Florida Statute §559.77(5) of the FCCPA provides that "when applying the provisions of the FCCPA, 'great weight shall be given to the interpretations of . . . the federal courts relating to the federal Fair Debt Collection Practices Act." *Id.* As such, the court found that the "purpose and intent of the FCCPA, like the FDCPA, is to eliminate abusive and harassing tactics in the collection of debts." *Id.* Thus, "it is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose." Plaintiff's Complaint pleads Defendants' involvement as being simply the mailing of documents "concerning a foreclosure". As such, to the extent Plaintiff's FCCPA claims somehow spring from foreclosure, those claims arise from acts that are not connection to debt collection and are not actionable under the FCCPA. Therefore, for this additional reason, Count II should be dismissed.

### III. PLAINTIFF FAILS TO STATE A CLAIM BASED UPON THE ENVELOPE'S LANGUAGE

Both of Plaintiff's claims are premised upon the allegation that the name of "Florida Foreclosure Attorneys" on the envelope indicated that the sender was in the debt collection business, in purported violation of 15 U.S.C. § 1692f(8) (language or symbol indicating debt collection business) and Section 559.72(16) (mailing communication to a debtor in an envelope or postcard with words typed, written, or printed on the outside of the envelope or postcard calculated to embarrass the debtor). However, the allegations of the Complaint fall far short of meeting Plaintiff's pleading burden to state a cause of action.

#### A. THE ENVELOPES CANNOT SUPPORT A DEBT COLLECTION CLAIM BECAUSE THEIR CONTENTS WERE NOT COMMUNICATIONS SEEKING TO COLLECT A DEBT

In order for Plaintiff to state a debt collection claim based upon language appearing on the envelope's exterior, the contents of the envelope must be a communication sent in an attempt to collect a consumer debt. *Diaz v. Florida Default Law Group, P.L.*, 2011 WL 2456049 (M.D. Fla. January 3, 2011) (granting defendant's motion for summary judgment in FDCPA action because letters sent preliminary to foreclosure were not debt collection). In *Diaz*, the plaintiff brought a putative FDCPA class action against a law firm premised upon the law firm's sending of mailings in envelopes that bore the firm's name, "Florida Default Law Group", based upon the theory that the firm's name somehow implied debt collection. In granting the defendant's motion for summary judgment, the *Diaz* court did not reach the issue of analyzing the language on the envelopes because the envelopes merely containing an announcement

6

that the defendant intended to file a foreclosure lawsuit. Rather, based upon the authority of *Warren* and several other court's decisions that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the FDCPA, the Court found that the letters contained in the allegedly violative envelopes did not constitute debt collection activity and therefore, the plaintiff could not establish that the envelopes constituted a violation of Section 1692f(8).

While Plaintiff's Complaint does not attach the contents of the allegedly violative envelopes, to the extent that Plaintiff alleges that the contents were "concerning a foreclosure", Plaintiff cannot state an FDCPA or FCCPA[1] claim against Defendants because a mailing "concerning a foreclosure" is not a "communication" regarding debt collection. *See Diaz*, 2011 WL 2456049, *4; *Acosta v. Campbell*, 309 F. App'x 315, 321 (11th Cir. 2009) (a communication made by the party in a foreclosure action or its counsel regarding the foreclosure action is not a "communication" subject to the FDCPA). Therefore, the FDCPA and FCCPA claims based upon allegedly embarrassing language on the envelopes regarding debt collection should be dismissed.

Furthermore, the name "Florida Foreclosure Attorneys" does not imply debt collection. As discussed, *supra*, enforcement of a security interest through the foreclosure process is not debt collection for purposes of the FDCPA or the FCCPA, so the word "foreclosure" necessarily does *not* imply debt collection. Even if "foreclosure" could somehow be interpreted to refer to consumer debt collection, the phrase "Florida

---

[1] Pursuant to Section 559.77(5), Florida Statutes, "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

7

Foreclosure Attorneys" is content-neutral, referring only to attorney handling foreclosures in Florida; the firm could either be prosecuting foreclosures against home owners or defending home owners in foreclosure actions. The recipient of the letter may not be a party to the foreclosure, but a person with a potential interest such as a junior lien holder or a tenant. In fact, the addresses may be someone with no interest in the foreclosure at all, such as a vendor of FFA. The name "Florida Foreclosure Attorneys" does not refer to debt collection or serve to embarrass and therefore, the Complaint should be dismissed for this reason as well.

### B. PLAINTIFF CANNOT ESTABLISH THAT THE WORDING ON THE ENVELOPE WAS CALCULATED TO EMBARRASS OR HARASS

Plaintiff has also failed to plead the requisite statutory scienter to support an FCCPA claim. In order to state a cause of action under section 559.72(16), Florida Statutes, the defendant must have used the language on the envelope in a calculated attempt to embarrass the debtor. *Hansen v. Credit Adjustment Bureau, Inc.*, 348 So. 2d 608 (Fla. 4th DCA 1977). Plaintiff fails in the instant Complaint to plead that Defendants used the wording on the envelope in a calculated attempt to embarrass Plaintiff. Instead, he merely recites conclusorily the statute's elements, which falls fall short of his pleading burden. In pleading scienter under the FCCPA, it is not enough for Plaintiff to simply plead that "such language was clearly calculated to embarrass the recipients." *Bentley v. Bank of America, N.A.*, 2011 WL 1097452 (S.D. Fla. 2011) (dismissing FCCPA claim where plaintiff simply made conclusory allegation regarding defendants' knowledge without any specific factual allegations as to each Defendants' knowledge); *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D. Fla. 2009) (dismissing FCCPA

claim and holding that "[s]imply pleading that Defendant had knowledge is not enough"); *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000) (FCCPA claim must sufficiently plead "knowledge or intent by the debt collectors in order to state a cause of action.") The intent element of a FCCPA must "allege facts showing knowledge or intent as to each Defendant." *Bentley*, 2011 WL 1097452 at *4. Despite this clear pleading requirement, nowhere in Plaintiff's Complaint does he plead ultimate facts showing that any of the Defendants placed the language on the envelope in an effort that was "calculated to embarrass" him. And any amendment adding such a factual allegation would be conclusory and speculative at best, and thus insufficient to establish the requisite intent for Plaintiff to bring a claim under the FCCPA. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## IV.     PLAINTIFF FAILS TO STATE A CLAIM BASED UPON HARASSMENT

Plaintiff's FCCPA also purports to be based upon a violation of Section 559.72(7), Florida Statutes, which prohibits any person from "willfully [engaging] in other conduct which can reasonably be expected to abuse or harass the debtor". As discussed, *supra*, to the extent that all of the alleged acts of Defendants were "concerning a foreclosure", such acts would not constitute debt collection activity pursuant to the FCCPA. Beyond this general exclusion from FCCPA, Plaintiff's Complaint does not plead any facts that might support an FCCPA claim for harassment. Rather, Plaintiff's Complaint merely tracks the elements of Section 559.72(7) without any supporting facts, which is insufficient to state

an FCCPA claim. *Bentley v. Bank of America, N.A.*, 2011 WL 1097452; *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291.

While the FCCPA does not specifically refer to frequency of communication, to the extent that Plaintiff's harassment claim may be based upon communication frequency, Plaintiff cannot state a harassment claim. While communication frequency can often be a case-by-case factual determination, in this case, the two mailings of April 2013 and June 2013 were at least two months apart and were so infrequent as not to be harassing as a matter of law. For example, the more frequent contact ratio in *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5 (Fla. 4th DCA 2009), which consisted of seven (7) telephone calls over a six-month period (just over once per month), was found not to be harassing as a matter of law. In another case, *Desmond v. Accounts Receivable Mgmt., Inc.*, 72 So. 3d 179, 181 (Fla. 2d DCA 2011), eighteen calls over six months (three calls per month), a rather greater contact frequency than is alleged in Plaintiff's Complaint, "did not rise to the magnitude necessary to violate this statute in the absence of additional factors." In this case, the sending of two mailings at least two months apart was so infrequent that could not be liable under this section as a matter of law. Therefore, the claim based upon Section 559.72(7) should be dismissed.

## CONCLUSION

Plaintiff's Complaint is based upon the law firm name of "Florida Foreclosure Attorneys" appearing on envelopes. Plaintiff cannot state a FDCPA or FCCPA claim based upon these envelopes because their contents were "concerning a foreclosure", which is not debt collection for the purposes of either statute. Plaintiff has also failed to

plead any facts that would support a claim for harassment. Based on the foregoing arguments and authorities, Defendants respectfully request that this Court dismiss Plaintiff's Complaint, and all claims against it asserted therein, and grant any further relief deemed appropriate under the circumstances.

Respectfully submitted,

*s/ Kevin R. Gowen, II*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
KEVIN R. GOWEN, ESQUIRE
Florida Bar No. 0900621
E-Mail: kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Attorneys for Defendants, Florida Foreclosure Attorneys, PLLC, Tricia Heffinger and Brad Abramson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:  Mark S. McFadden, 6070 66th Avenue North, Pinellas Park, Florida 33181 (pro se Plaintiff).

*s/ Kevin R. Gowen, II*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail:  shill@rumberger.com
KEVIN R. GOWEN, ESQUIRE
Florida Bar No. 0900621
E-Mail:  kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Attorneys for Defendants, Florida Foreclosure Attorneys, PLLC, Tricia Heffinger and Brad Abramson