UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK S. MCFADDEN

       Plaintiff,

    vs.                      CASE NO.:  8:13-CV-2501-T-35EAJ

FLORIDA FORECLOSURE
ATTORNEYS, PLLC, TRICA
HEFFINGER, Individually and BRAD
ABRAMSON, Individually,

       Defendant.

_____/

### DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND COMBINED MEMORANDUM OF LAW

Defendants, Florida Foreclosure Attorneys, PLLC ("FFA"), Tricia Heffinger ("Heffinger"), and Brad Abramson ("Abramson") (collectively, "the Defendants") move to dismiss the Amended Complaint (Doc. 20) filed by Plaintiff, Mark S. McFadden ("the Plaintiff"), and in support thereof, submit the following arguments and authorities.

### INTRODUCTION

Plaintiff still fails to state a claim despite having received the Court's instructions in its dismissal order (Doc. 19) to replead and allege (and/or attach) the contents of the allegedly violative envelopes. In fact, the attached contents of the envelopes make it clear that the mailings were all filings in the Foreclosure action, which are not subject to the Fair Debt Collection Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Therefore, the Amended Complaint should be dismissed with prejudice.

## BACKGROUND AND ALLEGATIONS

Plaintiff's Complaint alleged that Defendants sent him several mailings "concerning a foreclosure". *See* Doc. 1, ¶ 12. The envelopes that enclosed these mailings bore the name of one of the Defendants, "Florida Foreclosure Attorneys, PLLC". *Id.* Defendants are a law firm of attorneys licensed to practice law in Florida and two of its individual attorneys. Defendants filed a foreclosure action ("the Foreclosure") against Plaintiff's real property in Pinellas County, Florida. A true and correct copy of the verified complaint filed in the Foreclosure is attached hereto as Exhibit "A". The Foreclosure is still ongoing.

Upon Defendants' Motion to Dismiss (Doc. 9), which was based in part upon the argument that an *in rem* foreclosure is not debt collection pursuant to the FDCPA or FCCPA, the Court entered its order of dismissal (Doc. 10) holding that a determination of FDCPA or FCCPA liability could not be made without Plaintiff's pleading or attaching the contents of those envelopes.

Plaintiff has attached the alleged contents of the envelopes to the Amended Complaint. These attachments make it clear that the contents of the envelopes were not demands for payment, but pleadings, notices, and other filings in the *in rem* Foreclosure. These attachments make it clear that Plaintiff cannot allege any actionable conduct on the part of any Defendant that would entitle Plaintiff to relief, and therefore, the Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I.    STANDARD FOR MOTION TO DISMISS

The rules of civil procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Court's review is generally limited to the four corners of the complaint, but "in ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). While *pro se* complaints are liberally construed, the litigant is still required to conform to procedural rules. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The United States Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (internal citation omitted), a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, *citing Papason v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, *citing* 5 C. Wright and A. Miller, Federal Practice & Procedures, § 1216, pp. 235-236 (3rd Ed. 2004). Vague and conclusory allegations and "threadbare recitals" of the elements of a cause of action are insufficient to satisfy Federal Rule of Civil Procedure 8.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While only a short and plain statement is required, it must have more than bare assertions that "the-defendant-unlawfully-harmed-me." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II.   PLAINTIFF'S FDCPA AND FCCPA CLAIMS CANNOT, AS A MATTER OF LAW, BE PREMISED ON ACTIONS TAKEN "CONCERNING A FORECLOSURE"

Plaintiff's sole pled basis for suing Defendants in this lawsuit is the simple fact that Defendants allegedly sent him mailings concerning a foreclosure, and the Amended Complaint and its attachments make clear that the mailings consisted of pleadings, notices and other filings in the Foreclosure. Plaintiff cannot state a claim against Defendants based upon these allegations because a mortgage foreclosure action does not qualify as "debt collection" within the scope of the FDCPA. *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458, 460 (11th Cir. 2009) (enforcement of a security interest through the foreclosure process is not debt collection for purposes of the FDCPA). The Eleventh Circuit also noted several courts that have followed this reasoning holding that "'an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . fall outside the ambit of the FDCPA except for the provisions of Section 1692f(6).'" *Id.*, citing *Chomilo v. Shapiro, et al.*, No. 06-3103(RHK/AJB), 2007 WL 2695795, at *3-4 (D. Minn. Sept. 12, 2007); *Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003); *Overton v. Foutty & Foutty, LLP*, No. 1:07-CV-0274-DFHTAB, 2000 WL 2413026, at *3-6 (S.D. Ind. Aug. 21, 2007); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356 (M.D. Fla. 2007); *Beadly v. Haughey*, No. CIV. 04-272-SM, 2005 WL 300060, at *3 (D.

4

N.H. Feb. 9, 2005). Since foreclosing on a home is not debt collection for purposes of the

FDCPA, dismissal of plaintiff's claim was appropriate. *Id.* at *3.

As noted in *Trent*:

> The FDCPA is intended to curtail objectionable acts
> occurring in the process of collecting funds from a debtor.
> But, foreclosing . . . is an entirely different path. Payment
> of funds is not the object of the foreclosure action. Rather,
> the lender is foreclosing its interest in the property.

*Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356, 1360

(M.D. Fla. 2007); *quoting Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp. 2d 1188,

1204 (D. Ore. 2002); *see also Acosta v. Campbell*, 2006 WL 3804729, *4 (M.D. Fla.

December 22, 2006) ([n]early every court that has addressed the question has held that

foreclosing on a mortgage is not a debt collection activity for the purposes of the

FDCPA); *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307 (6th Cir. 2004) (a

mortgage is not a "consumer debt" for FDCPA purposes).

More recently, the Eleventh Circuit decided *Reese v. Ellis, Painter, Ratterree &

Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) and concluded that a law firm's

demands for payments and "threats" to foreclosure can constitute debt collection within

the meaning of the FDCPA despite that the activity was in connection with a foreclosure.

*Id.* The Court emphasized that the letter at issue stated "Lender hereby *demands full and

immediate payment* of all amounts due" . . . "*for which collection is sought.*" *Id.*

(Emphasis in original). Finding that the letter served a dual purpose, the Court noted that

"[e]ven if the law firm intended the letter and documents to give the Reeses notice of the

foreclosure, they also could have – *and did* – demand payment on the underlying debt."

*Id.* (Emphasis added). Thus, the Court concluded that this language combined with the Acts "mini-Miranda" rendered the letter a "communication related to 'the collection of [a] debt' within the meaning of § 1692e." *Id.* Notably, the Court did not overrule *Warren;* declining to decide whether a party seeking to enforce a security interest without demanding payment constituted an attempt to collect a debt. *Id.* at 1218, fn. 3.

Similarly, in *Birster v. Am. Home Mortg. Servicing, Inc.,* 481 Fed.Appx. 579 (11th Cir. 2012), the Eleventh Circuit, citing *Reese,* held that a loan servicer was both attempting to enforce a security interest and enforce a debt. Like the law firm in *Reese,* the servicer threatened to foreclose unless the Birsters cured the loan default. *Id.* at 583. The complaint also alleged that the servicer called the Birsters "multiple times on a daily basis to collect the past due amounts." *Id.* at 581. Thus, the Court concluded that, based on the allegations of the complaint, the servicer may be a debt collector and remanded to the district court for further proceedings. *Id.* at 583. As such, neither of decisions serves to extinguish *Warren*'s exemption of security interest enforcement through the foreclosure process from the FDCPA or FCCPA.

Plaintiff's Amended Complaint pleads Defendants' involvement as being simply the mailing of documents in a foreclosure action. In response to this Court's dismissal order, Plaintiff has attached four exhibits to his Amended Complaint, which are the alleged contents of the envelopes sent to Plaintiff. These exhibits make it clear that the contents of the envelopes were solely concerned with filings in the *in rem* Foreclosure. Exhibit "A" to the Amended Complaint bears the caption of the Foreclosure and is titled, "Plaintiff/Lender's Contact Information". This document is required by Administrative

Order No. 2008-081 PA/PI-CIR of the Court of the Sixth Judicial Circuit, in and for Pasco and Pinellas Counties, to be provided to the clerk of court upon the filing of a foreclosure on homestead property. A true and correct copy of the Administrative Order is attached hereto as Exhibit "B". The Administrative Order also requires that the "Plaintiff/Lender's Contact Information" be included with the summons in such a residential foreclosure. This court-approved form, which merely contains the name and contact information of the foreclosing Plaintiff's representative, seeks no payment but merely advises Plaintiff of his foreclosure rights pursuant to the court's Administrative Order. This court-ordered statement of rights is not an attempt to collect a debt.

Exhibit "B" contains the American with Disabilities Act ("ADA") Notice required by Florida Rule of Judicial Administration 2.540(c) and a lis pendens. Rule 2.540(c) requires that all notices for court proceedings to be held in a public facility, and all process compelling appearance at such proceedings, be accompanied by a statement in bold face, 14-point Times New Roman or Courier font regarding the provision of certain assistance to individuals with a disability requiring an accommodation. The notice attached to the Amended Complaint as Exhibit "B" is the ADA Notice for the Sixth Judicial Circuit in English, Creole, French, and Spanish. It appears that in this case, the attached ADA Notice accompanied the lis pendens, which like the ADA Notice, is a form approved by the Supreme Court of Florida that merely gives notice that the Foreclosure action has been filed regarding the subject parcel. *See* Form 1.918, Fla. R. Civ. P. Neither the plain text of the ADA Notice nor the lis pendens is an attempt to collect a debt from Plaintiff.

Exhibit "C" to the Amended Complaint is a standard form that sets forth the calculation requirements set forth in Section 28.241(1)(a)(2)(a) regarding filing fees in mortgage foreclosure actions. The statute provides, in relevant part:

> a party instituting a civil action in circuit court relating to real property or mortgage foreclosure shall pay a graduated filing fee based on the value of the claim.
>
> b. A party shall estimate in writing the amount in controversy of the claim upon filing the action. For purposes of this subparagraph, the value of a mortgage foreclosure action is based upon the principal due on the note secured by the mortgage, plus interest owed on the note and any moneys advanced by the lender for property taxes, insurance, and other advances secured by the mortgage, at the time of filing the foreclosure. The value shall also include the value of any tax certificates related to the property. In stating the value of a mortgage foreclosure claim, a party shall declare in writing the total value of the claim, as well as the individual elements of the value as prescribed in this sub-subparagraph.

Thus, the notice of "Value of Real Property or Mortgage Foreclosure Claim" does not seek to collect any debt from Plaintiff. While it states amounts owed on the Note secured by the Mortgage, this notice does not seek such sums from Plaintiff. Rather, it merely gives notice to the clerk of court of these sums are they are used in the statutory calculations performed by the foreclosing plaintiff to determine what graduate filing fee was to be paid to the clerk of court.

Lastly, and most dispositively, Exhibit "D" to the Amended Complaint is the complaint filed in the Foreclosure itself. As argued, *supra*, a complaint is not actionable under the FDCPA. *Vega*, 351 F.3d at 1337.  Importantly, the Foreclosure complaint contains only a single count to foreclose a mortgage, which tracks the Florida Supreme

Court's approved form. *See* Form 1.944, Fla. R. Civ. P.  There is no count on the Note, nor does it seek to collect on the Note.  Rather, the Foreclosure complaint simply seeks to enforce a security interest.  As such, the exhibits attached to the Amended complaint clarify that the contents of the envelopes are noting more than pleadings and other required notices filed in connection with the prosecution of a foreclosure action which, under *Warren* is not actionable under the FDCPA,

Nor can Plaintiff state a claim under the FCCPA based upon the filing and prosecution of a foreclosure.  The *Trent* court held that a foreclosure is also not "debt collection" under the FCCPA, concluding that the rationale espoused under the FDCPA precedent should apply with equal force to FCCPA cases. *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d at 1361. Recognizing that Florida Statute §559.77(5) of the FCCPA provides that "when applying the provisions of the FCCPA, 'great weight shall be given to the interpretations of . . . the federal courts relating to the federal Fair Debt Collection Practices Act." *Id.* As such, the court found that the "purpose and intent of the FCCPA, like the FDCPA, is to eliminate abusive and harassing tactics in the collection of debts." *Id.* Thus, "it is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose." Plaintiff's Complaint pleads Defendants' involvement as being simply the mailing of documents "concerning a foreclosure". As such, to the extent Plaintiff's FCCPA claims somehow spring from mailings regarding the Foreclosure, those claims arise from acts that are not connection to debt collection and are not actionable under the FCCPA. Therefore, for this additional reason, Count II should be dismissed.

III.   **PLAINTIFF FAILS TO STATE A CLAIM BASED UPON THE ENVELOPES' LANGUAGE**

Both of Plaintiff's claims are premised upon the allegation that the name of "Florida Foreclosure Attorneys" on the envelope indicated that the sender was in the debt collection business, in purported violation of 15 U.S.C. § 1692f(8) (language or symbol indicating debt collection business) and Section 559.72(16) (mailing communication to a debtor in an envelope or postcard with words typed, written, or printed on the outside of the envelope or postcard calculated to embarrass the debtor). However, the allegations of the Complaint fall far short of meeting Plaintiff's pleading burden to state a cause of action.

A.   **THE EXHIBITS TO THE AMENDED COMPLAINT MAKE IT CLEAR THAT THE ENVELOPES CANNOT SUPPORT A DEBT COLLECTION CLAIM BECAUSE THEIR CONTENTS WERE NOT COMMUNICATIONS SEEKING TO COLLECT A DEBT**

In order for Plaintiff to state a debt collection claim based upon language appearing on the envelope's exterior, the contents of the envelope must be a communication sent in an attempt to collect a consumer debt. *Diaz v. Florida Default Law Group, P.L.*, 2011 WL 2456049 (M.D. Fla. January 3, 2011) (granting defendant's motion for summary judgment in FDCPA action because letters sent preliminary to foreclosure were not debt collection). In *Diaz*, the plaintiff brought a putative FDCPA class action against a law firm premised upon the law firm's sending of mailings in envelopes that bore the firm's name, "Florida Default Law Group", based upon the theory that the firm's name somehow implied debt collection. In granting the defendant's motion for summary judgment, the *Diaz* court did not analyze the language on the

envelopes, focusing instead on the contents of the envelopes which were letters that "did little more than notify plaintiffs that the defendant was in the process of initiating foreclosure action." *Id.* at *1.  Rather, based upon the authority of *Warren* and several other court's decisions that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the FDCPA, the Court found that the letters contained in the allegedly violative envelopes did not constitute debt collection activity. As such, "[b]ecause the letters were not a 'means to collect or attempt to collect any debt'", the court found that "plaintiffs cannot establish that the envelopes constituted a violation of section 1692f(8)." *Id.* at *4.

Similarly, as discussed above, the contents of the envelopes in the instant case are nothing more than pleadings and other required notices filed in the Foreclosure action: a Notice required pursuant to Administrative Order No. 2008-081 PA/PI-CIR of the Court of the Sixth Judicial Circuit, in and for Pasco and Pinellas Counties; an American with Disabilities Act ("ADA") Notice required by Florida Rule of Judicial Administration 2.540(c); a notice of lis pendens; a standard form required by Section 28.241(1)(a)(2)(a) for calculating filing fees in mortgage foreclosure actions; and the foreclosure complaint itself, which contains a single count to foreclose a mortgage.  None of these documents seek to collect a debt or constitute an attempt to collect a debt from Plaintiff.

Plaintiff appears to have focused attention to the request for attorney's fees and costs by underlining a paragraph in the Foreclosure complaint that pleads that the Foreclosure plaintiff is obligated to pay its attorneys a reasonable fee and is entitled to recover such attorney's fees and costs from the Plaintiff pursuant to the Note and

Mortgage. *See* Doc 20, ¶ 14 of Exhibit "D" thereof.   Such a prayer in the Foreclosure complaint requesting a specific amount for attorney's fees does not violate the FDCPA where there is a contract that includes a provision allowing for the recovery of collection costs. *Newman v. Ormond*, 2010 WL 680914 (S.D. Fla. 2010) (defendant's demand for attorney's fees from plaintiff did not violated FDCPA where plaintiff signed promissory note with attorney's fees provision); *Gaisser v. Portfolio Recovery Associates, LLC*, 571 F.Supp.2d 1273 (S.D. Fla. 2008) (attorney's complaint and affidavit demanding liquidated amount of attorney's fees were "recommendations or suggestions" and therefore were not false or misleading representations or unfair or unconscionable means used to collect a debt). The Note and Mortgage attached to the foreclosure complaint as exhibits make the right to a reasonable attorney's fee clear. Paragraph 7(E) of the Note states, "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extend not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees." Paragraph 22 of the mortgage provides, "Lender shall be entitled to collect all expenses incurred in pursuing the remedies [acceleration, foreclosure, and sale of property] provided in this Section 22, including, but not limited to, reasonable attorney's fees and costs of title evidence." Moreover, such a prayer for relief cannot form the basis for an FDCPA or FCCPA claim because it is addressed to the trial court, not Plaintiff. judgment in a document presented to the trial court, such as a complaint's prayer for relief, is not an act or omission prohibited by the FDCPA. *Leone v. Credit Card Receivables Fund Inc.*, 2009 WL 8477347 (S.D. Fla. 2009)

("a prayer for relief in a complaint, even where it specifies the quantity of attorney's fees, is just that: a request to a third party—the court—for consideration, not a demand to the debtor himself.") (quoting *Argentieri v. Fisher Landscapes*, 15 F.Supp.2d 55, 61 (D. Mass. 1998)). Beyond being addressed to the trial court rather than to Plaintiff, a request for attorney's fees and costs or a reservation of jurisdiction for the entry of a deficiency decree is no more binding on the Plaintiff than any other allegation of the Foreclosure complaint. "A request for attorney's fees ultimately rests upon the discretion of the court and a determination of applicability at a later stage of the litigation." *Id.* Thus, such pleadings in the Foreclosure complaint cannot support an FDCPA or FCCPA claim.

Therefore, to the extent that Plaintiff alleges that the contents were mere notices, court-approved forms, and pleadings concerning an *in rem* foreclosure, Plaintiff cannot state an FDCPA or FCCPA[1] claim against Defendants because such mailings are not "communications" regarding debt collection. *See Diaz*, 2011 WL 2456049, *4; *Acosta v. Campbell*, 309 F. App'x 315, 321 (11th Cir. 2009) (a communication made by the party in a foreclosure action or its counsel regarding the foreclosure action is not a "communication" subject to the FDCPA). As such, the FDCPA and FCCPA claims based upon allegedly embarrassing language on the envelopes regarding debt collection should be dismissed.

Lastly, the name "Florida Foreclosure Attorneys" does not imply debt collection. As discussed, *supra*, enforcement of a security interest through the foreclosure process is

---

[1] Pursuant to Section 559.77(5), Florida Statutes, "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." *See Trent*, *supra*.

not debt collection for purposes of the FDCPA or the FCCPA, so the word "foreclosure" necessarily does *not* imply debt collection. And in fact, the contents of those envelopes, which Plaintiff has attached to his Amended Complaint, conclusively establish that the Foreclosure was solely concerned with foreclosing the security interest. The Foreclosure does not seek to collect on their underlying promissory note and therefore, falls outside of *Reese* and *Birster*. Even if "foreclosure" could somehow be interpreted to refer to consumer debt collection, the phrase "Florida Foreclosure Attorneys" is content-neutral, referring only to attorney handling foreclosures in Florida; the firm could either be prosecuting foreclosures against home owners or defending home owners in foreclosure actions. The recipient of the letter may not be a party to the foreclosure, but a person with a potential interest such as a junior lien holder or a tenant. In fact, the addresses may be someone with no interest in the foreclosure at all, such as a vendor of FFA. The name "Florida Foreclosure Attorneys" does not refer to debt collection or serve to embarrass and therefore, the Amended Complaint should be dismissed for this reason as well.

**B.    PLAINTIFF CANNOT ESTABLISH THAT THE WORDING ON THE ENVELOPE WAS CALCULATED TO EMBARRASS OR HARASS**

Plaintiff has also failed to plead the requisite statutory scienter to support an FCCPA claim. In order to state a cause of action under section 559.72(16), Florida Statutes, the defendant must have used the language on the envelope in a calculated attempt to embarrass the debtor. *Hansen v. Credit Adjustment Bureau, Inc.*, 348 So. 2d 608 (Fla. 4th DCA 1977). Plaintiff fails in the Amended Complaint to plead that Defendants used the wording on the envelope in a calculated attempt to embarrass

Plaintiff. Instead, he merely recites conclusorily the statute's elements, which falls fall short of his pleading burden. In pleading scienter under the FCCPA, it is not enough for Plaintiff to simply plead that "such language was clearly calculated to embarrass the recipients." *Bentley v. Bank of America, N.A.*, 2011 WL 1097452 (S.D. Fla. 2011) (dismissing FCCPA claim where plaintiff simply made conclusory allegation regarding defendants' knowledge without any specific factual allegations as to each Defendants' knowledge); *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D. Fla. 2009) (dismissing FCCPA claim and holding that "[s]imply pleading that Defendant had knowledge is not enough"); *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000) (FCCPA claim must sufficiently plead "knowledge or intent by the debt collectors in order to state a cause of action.") The intent element of a FCCPA must "allege facts showing knowledge or intent as to each Defendant." *Bentley*, 2011 WL 1097452 at *4. Despite this clear pleading requirement, nowhere in Plaintiff's Amended Complaint does he plead ultimate facts showing that any of the Defendants placed the language on the envelope in an effort that was "calculated to embarrass" him. Rather, he merely pleads that Defendants "knew or should have known" that the envelopes were violative, and such pleading is insufficient. *Williams v. Streeps Music Co., Inc.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976) (striking allegation that debt collector "should have known" the claim was not legitimate). Any amendment adding such a factual allegation regarding Defendants' actual knowledge would be conclusory and speculative at best, and thus insufficient to establish the requisite intent for Plaintiff to bring a claim under

the FCCPA. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## IV.    PLAINTIFF FAILS TO STATE AN FCCPA CLAIM BASED UPON HARASSMENT

Plaintiff's FCCPA also purports to be based upon a violation of Section 559.72(7), Florida Statutes, which prohibits any person from "willfully [engaging] in other conduct which can reasonably be expected to abuse or harass the debtor". As discussed, *supra*, to the extent that all of the alleged mailing of Defendants were notices, filings, and pleadings in the Foreclosure, such acts would not constitute debt collection activity pursuant to the FCCPA. Beyond this general exclusion from FCCPA, Plaintiff's Amended Complaint does not plead any facts that might support an FCCPA claim for harassment. Rather, Plaintiff's Amended Complaint merely tracks the elements of Section 559.72(7) without any supporting facts, which is insufficient to state an FCCPA claim. *Bentley v. Bank of America, N.A.*, 2011 WL 1097452; *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291.

## CONCLUSION

Plaintiff's Amended Complaint is based upon the law firm name of "Florida Foreclosure Attorneys" appearing on envelopes mailed to him. Plaintiff cannot state a FDCPA or FCCPA claim based upon these envelopes because their contents were notices, filings, and pleadings in an *in rem* Foreclosure, which is not debt collection for the purposes of either statute. Plaintiff has also failed to plead any facts that would support a claim for harassment. Based on the foregoing arguments and authorities, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint, and all claims

against it asserted therein, and grant any further relief deemed appropriate under the circumstances.

Respectfully submitted,

*s/ Kevin R. Gowen, II*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail:  shill@rumberger.com
KEVIN R. GOWEN, ESQUIRE
Florida Bar No. 0900621
E-Mail:  kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Attorneys for Defendants, Florida Foreclosure Attorneys, PLLC, Tricia Heffinger and Brad Abramson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:   Mark S. McFadden, 6070 66th Avenue North, Pinellas Park, Florida 33181 (pro se Plaintiff).

*s/ Kevin R. Gowen, II*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail:  shill@rumberger.com
KEVIN R. GOWEN, ESQUIRE
Florida Bar No. 0900621
E-Mail:  kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Attorneys for Defendants, Florida Foreclosure Attorneys, PLLC, Tricia Heffinger and Brad Abramson