UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK S. MCFADDEN**

    **Plaintiff**

v.                                                                                                       Case No: 8:13-cv-2501-T-35EAJ

**FLORIDA FORECLOSURE ATTORNEYS, PLLC, TRICA HEFFINGER, Individually, and BRAD ABRAMSON, Individually,**

    **Defendants**

_____

## ORDER

**THIS CAUSE** comes before the court for consideration of the Motion to Dismiss Amended Complaint (Dkt. 21) filed by Defendants, Florida Foreclosure Attorneys, PLLC, Trica Heffinger, and Brad Abramson, and the Response in opposition thereto filed by Plaintiff Mark S. McFadden. (Dkt. 22) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the court **DENIES IN PART AND GRANTS IN PART WITHOUT PREJUDICE** Defendants' Motion to Dismiss Amended Complaint.

**I.  BACKGROUND**

On September 27, 2013, Plaintiff Mark S. McFadden ("Plaintiff"), proceeding pro se, filed this action against Defendants Florida Foreclosure Attorneys PPL, ("Foreclosure Attorneys PPL"), Trica Heffinger ("Heffinger"), and Brad Abramson ("Abramson")(collectively "Defendants"). (Dkt. 2) In the Amended Complaint, Plaintiff alleges the following:

In April of 2013, Plaintiff received at his residence four Form Debt Collection Envelopes containing correspondence from Defendants Foreclosure Attorneys PLLC and Heffinger.  In June of 2013, Plaintiff received at his residence four additional Form Debt Collection Envelopes containing correspondence from Defendants Foreclosure Attorneys PPL and Abramson.  Plaintiff alleges that the envelopes and enclosed communications were "concerning a foreclosure."  (Dkt. 1 at ¶ 12)  Based on these allegations, Plaintiff asserts two claims against Defendants: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and (2) violation of Florida Consumer Collection Practices Act ("FCCPA"), Section 559.72(7) and Section 559.72(16) of the Florida Statutes.

Thereafter, Defendants filed a Motion to Dismiss (Dkt. 9), which was granted without prejudice on April 8, 2014.  On April 17, 2014, Plaintiff filed an Amended Complaint asserting the same claims and including four exhibits.  (Dkt. 20)  The first exhibit, Exhibit A, is a document entitled "Plaintiff/Lender's Contact Information."  The document contained the following language at the bottom, "This Communication is from a Debt Collector."  (Id. at P. 7)  The second exhibit, Exhibit B, appears to be a notice required by the Americans with Disabilities Act that contains the following language:  "This Communication is from a Debt Collector."  (Id. at P. 8)  The third exhibit, Exhibit C, is a document entitled "Value of Real Property or Mortgage Foreclosure Claim."  (Id. at P. 10)  The document contains a value statement of $339,731.69.  (Id.)  The fourth exhibit, Exhibit D, is Deutsche Bank National Trust Company's state court Complaint against Mark S. McFadden.  (Id. at P. 7)

On May 1, 2014, Defendants filed the instant motion to have Plaintiff's Amended Complaint dismissed. (Dkt. 21)

## II.    LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombolly, 127 S.Ct. 1995, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombolly, 127 S.Ct. at 164-65).  In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95.  However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.  Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Typically, in addressing a motion to dismiss a court will only consider the "four corners of the complaint." Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting St. George

v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002)).  However, the Eleventh Circuit has recognized that "[i]n ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  Id.  (quoting SFM holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).[1]

### III. DISCUSSION

#### A. COUNT I: FDCPA CLAIM

Defendants move to dismiss Count I of Plaintiff's Amended Complaint, arguing that Plaintiff has failed to allege an FDCPA claim because a mortgage foreclosure action does not qualify as "debt collection" within the scope of the FDCPA.  Defendants contend that their involvement is "simply the mailing of documents in a foreclosure action."  (Dkt. 21) Relying on an unreported decision, Warren v. Countrywide Home Loans, Inc., 342 Fed.Appx. 458 (11th Cir. 2009), which held that the plain language of the FDCPA supports the conclusion that foreclosing on a security interest is not a debt collection activity, Defendants contend that their attempt at enforcement of a security interest in the foreclosure process is not a debt collection for purposes of the FDCPA.

Plaintiff counters that Defendants are debt collectors, seeking to collect a debt. Distinguishing Warren, Plaintiff cites Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012), to support his proposition.

To state an FDCPA claim, a plaintiff must allege facts tending to show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the

---

[1] The Parties have not disputed that the exhibits attached to Plaintiff's Amended Complaint are central to Plaintiff's claim or challenged the authenticity of the exhibits.  Therefore, the Court will take the exhibits into consideration in deciding the instant motion.

4

defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Diaz v. Florida Default Law Group, P.L., 2011 WL 2456049 (M.D. Fla. January 3, 2011).

In Reese, the Eleventh Circuit held that a letter demanding payment of a debt and a statement in the documents that a law firm was "attempting to collect a debt" were attempts to collect a debt and that the law firm was acting as a debt collector even when it was also attempting prosecute a foreclosure. Id. at 1217. The court concluded that those attempting to collect a debt and enforce a security interest were not exempt from coverage under the FDCPA. The Eleventh Circuit reasoned that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured." Id. at 1217-18. This reasoning is similarly adopted in Rotenberg v. MLG, P.A., 13-CV-22624-UU, 2013 WL 5664886, at *2 (S.D. Fla. Oct. 17, 2013), holding that "a communication related to debt collection does not become unrelated to debt collection simply because it also related to the enforcement of security interest" and that a Defendant seeking a foreclosure was engaged in a debt collection activity.

Similarly, in an analogous case in the Eleventh Circuit, Birster v. Am. Home Mortgage Servicing, Inc., 481 F. App'x 579, 580 (11th Cir. 2012)[2], the defendants sent foreclosure letters containing the words "THIS IS AN ATTEMPT TO COLLECT A DEBT" and a letter containing the amount that needed to be paid. Id. The Eleventh Circuit held that the defendants engaged in debt collecting activity, as they were attempting to enforce a security interest and collect a debt. Id. at 583("[I]t is apparent an entity that regularly

---

[2] This decision, while persuasive, is not binding on the Eleventh Circuit.

5

attempts to collect debts can be a "debt collector" beyond § 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest.").

On the basis of this authority, Plaintiff argues that Defendants have similarly attempted to collect a debt from him in conjunction with a foreclosure proceeding and are, therefore, debt collectors under the FDCPA. In further support of his allegations, Plaintiff attaches Exhibits A-C, three letters sent to him by Defendants and Deutsche Bank National Trust Company's state court Complaint against Mark S. McFadden. The first two exhibits, Exhibits A and B, contain the statement, "This Communication is from a Debt Collector" on the bottom of each of the pages. (Dkt. 20, Exhibit A and B) Furthermore, Plaintiff attaches Exhibit C that likewise contains a specific value ($339,731.69) that is owed by Plaintiff. (Dkt. 20, Exhibit C)

Although Defendants claim that they were not engaged in debt collecting activity, the exhibits attached to Plaintiff's Amended Complaint could support Plaintiff's claim that Defendants were debt collectors, attempting to collect a debt from Plaintiff. First, Defendants sent two letters to Plaintiff that expressly state at the bottom that "[t]his Communication is from a Debt Collector." (Dkt. 20, Exhibit A and B) Second, Defendants sent a third letter to Plaintiff, stating that Plaintiff owed approximately $339,731.69. (Dkt. 20, Exhibit C)

Accordingly, Plaintiff has adequately alleged the Defendants were seeking to collect a debt, and Defendants' Motion to Dismiss Plaintiff's Amended Complaint for violation of the FDCPA is **DENIED**.

B.  COUNT II: FCCPA CLAIM

In Count II, Plaintiff alleges that Defendants are debt collectors and that the outside of the envelopes they sent to Plaintiff's residence bore the Defendants' name, "Florida Foreclosure Attorneys PLLC."  Plaintiff alleges that "the use of the name Florida Foreclosure Attorneys PLLC on the outside of the envelope reveals to anyone who sees it that the contents of the letter have to do with debt collection and foreclosure" in violation of §559.72(16) of the FCCPA.  (Dkt. 20 at ¶ 21)  Plaintiff also alleges that Defendants engaged in conduct that can reasonably be expected to abuse or harass the debtor in violation of §559.72(7) of the FCCPA.  (Dkt. 20)  Defendants move to dismiss Count II of Plaintiff's Amended Complaint, arguing that the envelope is not a communication seeking to collect a debt, and therefore Plaintiff cannot state a debt collection claim based on the language on the envelope.  (Dkt. 21)  Plaintiff does not respond directly to this argument in his Response to Defendants' Motion to Dismiss.  (Dkt. 22)

> The FCCPA statute states:
>
> In collecting consumer debts, no person shall [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

Fla. Stat. § 559.72(7)

> In collecting consumer debts, no person shall [m]ail any communication to a debtor in an envelope or postcard with words typed, written or printed on the outside of the envelope or postcard calculated to embarrass the debtor. An example of this would be an envelope addressed to "Deadbeat, Jane Doe" or "Deadbeat, John Doe.""

Fla. Stat. § 559.72(16).  Plaintiff suggests that these provisions of the statute implicate the eight letters that Defendants sent to Plaintiff in the span of six months and the

7

language on the outside of the envelopes, all of which Plaintiff alleges would support a claim that Defendants harassed an alleged debtor.

Specifically, Plaintiff contends the challenged eight letters Defendants sent to Plaintiff in a span of six months were sufficiently pervasive or facially embarrassing to reasonably constitute harassment under the FCCPA.  However, in this case, the Amended Complaint does not provide enough support for such a claim, and case law would seem to dictate that eight letters in six months could not reasonably constitute harassment. Dennis v. Reg'l Adjustment Bureau, Inc., 09-61494-CIV, 2010 WL 3359369 (S.D. Fla. July 7, 2010) (holding that six telephone calls in four months did not constitute harassment); Lardner v. Diversified Consultants Inc., 1:13-CV-22751-UU, 2014 WL 1778960 (S.D. Fla. May 1, 2014) (holding that 132 automated telephone calls over a period of six months did not constitute harassment); Desmond v. Accounts Receivable Mgmt., Inc., 72 So. 3d 179, 181 (Fla. Dist. Ct. App. 2011) (holding that eighteen telephone calls in three months did not constitute harassment); Schauer v. Morse Operations, Inc., 5 so. 3d 2, 5 (Fla. Dist. Ct. App. 2009) (holding that seven telephone calls in six months did not constitute harassment).  In the absence of a higher frequency of communication, Plaintiff's Amended Complaint does not state a plausible claim for relief.

Moreover, the use of the legal name of the Defendant's agency, "Florida Foreclosure Attorneys PLLC," cannot be said to be the equivalent of addressing the collection notice to "Deadbeat, Jane Doe" or "Deadbeat, John Doe" as prohibited by the statute.  As such, this allegation, standing alone, cannot establish a claim under the FCCPA.

8

Accordingly, Defendant's Motion to Dismiss Amended Complaint for Count II is **GRANTED**. To the extent that Plaintiff can cure the defects in his Complaint without violating the prohibitions of Rule 11, Plaintiff will be given a final opportunity to re-plead and allege facts, if they exist, supporting more pervasive harassing and frequent communication from Defendants in order to state an FCCPA claim.

**IV.   CONCLUSION**

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion of Dismiss Amended Complaint (Dkt. 21) is **DENIED IN PART AND GRANTED IN PART WITHOUT PREJUDICE.**

2. Plaintiff shall have **fourteen (14) days** from the date of this Order to file an amended complaint addressing the issues noted above.

3. The amended complaint must comply with the directive of Fed. R. Civ. P. 11, as the court previously stated, which states in pertinent part: "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonably under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support after a reasonably opportunity

for further investigation or discovery." Violation of Rule 11 may subject a party to sanctions, including, without limitation, cost of court and attorney's fees.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of July, 2014

/s/ Mary S. Scriven
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person