**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARK S. MCFADDEN**

**Plaintiff,**

**vs.** **CASE NO. 8:13-CV-2501-MSS-EAJ**

**FLORIDA FORECLOSURE ATTORNEYS, PLLC, TRICA HEFFINGER, Individually and BRAD ABRAMSON, Individually,**

**Defendants.**
**_______________________________________/**

**MOTION TO EXCUSE DEFENDANTS, BRAD ABRAMSON AND TRICIA ANN MORRA FROM PERSONAL ATTENDANCE AT MEDIATION AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Tricia Ann Morra ("Morra") and Brad Abramson ("Abramson") (collectively, "the Defendants"), pursuant to Rule 9.05(c) of the Local Rules of the United States District Court for the Middle District of Florida, files this motion to excuse them from personally attending mediation and shows the Court as follows:

## I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

This civil action arises from Plaintiff's claims against the several Defendants regarding envelopes that were mailed to him regarding a foreclosure that was filed in Pinellas County, Florida. *See generally*, Amended Complaint (Doc. 20); Defendants' Motion to Dismiss Amended Complaint (Doc. 21). Defendant, Florida Foreclosure Attorneys, PLLC ("FFA"), is the law firm that filed the foreclosure. Morra and Abramson are attorneys who are employed by or contracted by FFA, respectively, and took part in

prosecuting the Foreclosure. Abramson and Morra both live and work outside of the Middle District in Palm Beach County, Florida, which is approximately 220 miles from the mediation's location of Tampa, Florida.

The Court has directed that the parties mediate this case by October 24, 2014. (Doc. 17 – Case Management and Scheduling Order). The parties have agreed to mediate the matter with James R. Betts, Esquire, on Wednesday, September 3, 2014, in Tampa, Florida. (Doc. 18 – Notice of Mediation). Abramson and Morra have granted FFA full authority to negotiate settlement on their behalf, and a representative of FFA will attend and participate in the mediation. Therefore, in the interest of economy in light of FFA's provision of their defense and their long distance from the mediation location, Abramson and Morra request that they be excused from personally attending mediation proceedings. Alternatively, Abramson and Morra request that they be permitted to attend the mediation telephonically.

## II. LEGAL ARGUMENT AND CITATIONS OF AUTHORITY

### A. Standard of Review.

Pursuant to Local Rule 9.05(c), "Unless otherwise excused by the presiding Judge in writing, all parties, corporate representative, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement." Local Rule 9.05(c); *Rodilla v. TFC-RB, LLC*, 2009 WL 88492 (S.D. Fla. Jan. 13, 2009) (district court has discretionary authority regarding attendance of parties at mediation); *Scott v. K.W. Max Inv.*, Inc., 2007 WL 80851 (M.D. Fla. 2007) (party may seek leave of court to be excused from personal

appearance at mediation). Thus, it is within the Court's discretion to excuse parties from attending mediation.

**B. Mediation will not be affected by the absence of Abramson and Morra**

Local Rule 9.05(c) of the Middle District of Florida requires that all parties “shall be present at the Mediation Conference". In this matter, Abramson’s and Morra’s defense has been provided by FFA, and Abramson and Morra have given FFA full authority to negotiate a settlement of the claims asserted against them. A representative of FFA will be in attendance and will participate in the mediation. Most importantly, the representative of FFA will have full authority to negotiate a settlement on behalf of both Abramson and Morra. Therefore, the physical presence or absence of Abramson and Morra will not impact the efficacy of the mediation conference. Moreover, in light of Abramson and Morra’s distance from the mediation site in this district, excusing them from personal attendance will serve the interests of economy.

## III. RULE 3.01(g) CERTIFICATION.

Pursuant to Local Rule 3.01(g), the undersigned has conferred with Plaintiff by telephone on August 19, 2014 to discuss the relief sought herein. Plaintiff stated that he was unable to state whether he could consent to the relief sought in this motion.

## IV. CONCLUSION.

Wherefore, Defendants, Brad Abramson and Tricia Ann Morra, respectfully request this Honorable Court enter an Order excusing them from attendance at the mediation conference scheduled for September 3, 2014. Alternatively, Abramson and Morra request that they be permitted to attend the mediation telephonically.

Respectfully submitted,

Dated: August 22, 2014

*s/ Kevin R. Gowen, II*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
KEVIN R. GOWEN, II, ESQUIRE
Florida Bar No. 0900621
E-Mail: kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Attorneys for Defendants,
Florida Foreclosure Attorneys, PLLC,
Tricia Ann Morra and Brad Abramson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 22, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Mark S. McFadden, 6070 66th Avenue North, Pinellas Park, Florida 33181 (pro se Plaintiff).

*s/ Kevin R. Gowen, II*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
KEVIN R. GOWEN, II, ESQUIRE
Florida Bar No. 0900621
E-Mail: kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL

A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Attorneys for Defendants,
Florida Foreclosure Attorneys, PLLC,
Tricia Ann Morra and Brad Abramson